UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RUTH BROUSSARD                          CIVIL ACTION NO. 12-CV-2884

VERSUS                                  JUDGE DOHERTY

BIOMEDICAL ENTERPRISES, INC.            MAGISTRATE JUDGE HANNA

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This matter was removed from state court by defendant Biomedical Enterprises,

Inc., based on the contention that this Court has jurisdiction over this action because

the parties are diverse in citizenship and the amount in controversy exceeds the

jurisdictional threshold of $75,000.  Under 28 U.S.C.A. § 1332, federal district courts

have subject matter jurisdiction over civil actions in which the amount in controversy

exceeds $75,000 exclusive of interest and costs and the parties are citizens of

different states.  The person seeking to invoke federal court jurisdiction has the

burden of proof of demonstrating, at the outset of the litigation, that the federal court

has authority to hear the case.[1]  Therefore, a removing party bears the burden of

showing that federal jurisdiction exists.[2]

---

[1]      *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[2]      *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002);
*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

Defendant contends that the parties are diverse in citizenship.  In her petition, the plaintiff stated that she is a resident and domiciliary of Terrebonne Parish, Louisiana. [Rec. Doc. 1-4] She also alleged that the defendant is a foreign corporation with a principal place of business in San Antonio, Texas.  In its removal notice, Biomedical confirmed that it is a Texas corporation with its principal place of business in San Antonio, Texas. [Rec. Doc. 1, para. 8].  Accordingly, the undersigned finds that the parties are diverse in citizenship.

The undersigned is unable, however, to determine whether the jurisdictional threshold has been satisfied with regard to the amount in controversy.  The plaintiff has averred that she has suffered "serious and permanent disabling injuries which she believes to be permanent, requiring future surgery. [Rec. Doc. 1-4, para. 7] She requests a trial by jury, asserting at most that her claims exceed the $50,000 threshold for trial by jury in Louisiana state court[3]. [Rec. Doc. 1-4, para. 9] In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in her petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253(5th Cir. 1998).  To satisfy the burden, the party must either (1) demonstrate that it is facially apparent

---

[3]La. C.C.P. art. 1732(1).

that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id* at 1253. Even when a plaintiff has not pled a specific amount of damages, "a court can determine that removal was proper if it is facially apparent that the claims are likely above" the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335(5th Cir. 1995). In removal cases in which the jurisdictional amount is not "facially apparent," the court may require the removing party to submit "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R&H Oil & Gas Co*, 63 F.3d 1326, 1336 (5th Cir. 1995)(emphasis added). Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations

to case law involving similar facts which reflect verdicts in the amount of $75,000 or more.  These facts should be presented as summary-judgment-type evidence.

Whether this court has jurisdiction over this action is a threshold matter that cannot be resolved on the face of the pleadings filed to date.  Accordingly,

**IT IS THEREFORE ORDERED** that on or before **April 5, 2013**, the removing defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists.  Supporting documentation and/or affidavits are advisable.  A copy of the memorandum shall be provided to the undersigned and opposing counsel. Plaintiff will be allowed **ten days** to reply to defendants' arguments.

Signed at Lafayette, Louisiana, this 18th day of March, 2013.

Patrick J. Hanna
United States Magistrate Judge