UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RUTH BROUSSARD | CIVIL ACTION NO. 6:12CV2884 |
| VERSUS | JUDGE DOHERTY |
| BIOMEDICAL ENTERPRISES INC. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment [Doc. 22], filed by defendant Biomedical Enterprises, Inc. ("BME"), whereby defendant seeks dismissal of all claims brought against it by plaintiff. The motion is unopposed.[1] For the following reasons, the motion is GRANTED.

Plaintiff's brings this products liability suit for injuries she sustained, which she asserts were caused by the fracture of a HammerLock device manufactured by defendant.[2] Jurisdiction is based upon diversity of citizenship[3]; the law applicable to plaintiff's claim is the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51 et seq.

To maintain a successful products liability action under the LPLA, a plaintiff

---

[1] The deadline for submission of a memorandum in opposition to the motion for summary judgment has passed, and no opposition has been received by the Court. [Doc. 25] Accordingly, the motion is deemed unopposed. *Id.*

[2] According to the complaint, on August 23, 2011, plaintiff "underwent foot surgery, using a HammerLock implant for hammertoe [manufactured] by BioMedical Enterprises, Inc. . . ." [Doc. 1-4, ¶¶ 2, 4] On October 20, 2011, plaintiff again saw her surgeon; "[a]t this visit, x-rays were taken and revealed that the BME device was fractured." [Id. at ¶ 5]

[3] 28 U.S.C. § 1332

must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002).

As pertinent to this litigation, a product is "unreasonably dangerous" under the LPLA if: (1) the product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) the product is unreasonably dangerous in design as provided in R.S. 9:2800.56; or (3) the product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57. *Id.* at 261. "To maintain a 'construction or composition' defect claim under the LPLA, a plaintiff must establish that, at the time the product left the manufacturer's control, 'the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.'" *Id.* (quoting La. R.S. § 9:2800.55). To maintain a "defective design" claim under the LPLA, "the plaintiff must show that an alternative design existed capable of preventing the claimant's damage." *Theriot v. Danek Medical, Inc.*, 168 F.3d 253, 255 (5th Cir. 1999)(citing La. R.S. § 9:2800.56). "To maintain a failure-to-warn claim, a plaintiff must demonstrate that 'the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.'" *Stahl* at 261 (quoting La. R.S. § 9:2800.57).

Defendant asserts plaintiff cannot establish its product was unreasonably dangerous in its construction or composition, because the HammerLock implant inserted in plaintiff's foot remains in place, and thus "no testing of the device has occurred to establish that the product deviated in a

material way from BME's specifications or performance standards for identical products manufactured by BME." [Doc. 22-1, p.8] Defendant asserts plaintiff cannot establish the product was unreasonably dangerous in design, because no evidence has been submitted regarding an alternative design.[4] [Id. at 9] Finally, defendant asserts plaintiff cannot establish a failure-to-warn claim, because: (1) assuming *arguendo* the warnings provided by defendant with the product were inadequate, because plaintiff has admitted she did not read the supplied warnings, she cannot establish a causal connection between the alleged inadequate warnings and her injuries[5]; and (2) defendant had no duty to warn plaintiff's surgeon, as he "qualifies as a sophisticated user."[6]

The Motion for Summary Judgment [Doc. 22], appearing to be well-founded in law and fact and being unopposed by plaintiff, is hereby GRANTED, and all claims against defendant Biomedical Enterprises, Inc. are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __27__ day of March, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4]Defendant further notes plaintiff has "failed to identify an expert to testify on this issue," arguing "without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, plaintiff fails to create an issue of fact to be left to the jury." [Id. at 9 (citing *McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410, 411-12 (E.D.La. 1999))]

[5]*See e.g. Bloxom v. Bloxom*, 512 So.2d 839, 850 (La. 1987), *superceded by statute*, La. R.S. § 9:2800.51, et seq.; *Mathews v. Remington Arms Co., Inc.*, 2009 WL 1220541, *3 (W.D.La.).

[6][Doc. 22-1, p.11 (citing *Couvillion v. Darby Dental Supply, LLC*, 2013 WL 596112, *3 (La.App.)("A manufacturer has no duty to warn a 'sophisticated user' of dangers associated with a product, which dangers they may be presumed to know because of their familiarity with the product.")